# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

TODD A. DYER, )
Plaintiff )
)
FILED )
)
-vs- OCT 07 2022 )
)
CLERK, U.S. DISTRICT COURT )
NORTHERN DISTRICT OF OHIO )
CLEVELAND )
UNITED STATES OF AMERICA; )
Its agency, the Federal Correctional Institute )
(FCI) Elkton, and Individuals acting in their )
official capacities as; Warden, Mark Williams; )
Doctor, J. Dunlop; Doctor, Kathy McNutt; )
Health Administrator, Debra Giannone; )
Physician's Assistant, Donald Cavanaugh; )
and Other Unnamed Individuals, )
Defendant(s). )

CASE NO. **4:22 cv 1802**

**JUDGE PEARSON**

JUDGE _____

**MAG. JUDGE HENDERSON**

## COMPLAINT/FEDERAL TORT CLAIM ACTION

**NOW COMES,** Todd A. Dyer (Dyer), pro se, with his Complaint and offers in support the following:

Dyer asks the Court to liberally construe his filings as he is not an attorney and is a Court recognized manic depressive.

"Pro se complainants are held to a less stringent standard than formal pleadings drafted by lawyers and should therefore be liberally construed Williams,631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004).

Upon filing of this Complaint, Dyer seeks the appointment of counsel, and/or is hopeful that the law firm of Brown and Morgan, LLP with whom Dyer is corresponded, will seek to representation him and adopt this Complaint.

Dyer was injured in a "slip and fall" Incident while in the custody of the Federal Bureau of Prisons (BOP) In Lisbon, Ohio at the Federal Correctional Institute (FCI) Elkton facility.

Dyer alleges FCI Elkton and/or its employees, acting in their official capacities, breached their duty of due care, and as a result of their negligence, Dyer was Injured.

Dyer seeks a reasonable sum to compensate him for his Injury, pain and suffering, and an additional sum for past, present and future treatment of his injuries.

## I. JURISDICTION AND VENUE

1. Subject matter jurisdiction lies in this Court under the Federal Tort Claim Act (FTCA)

2. Venue lies in this Court as the FCI Elkton facility lies within the jurisdictional boundaries of United States District Court for the Northern District of Ohio.

## II. PARTIES

3. Plaintiff Todd A. Dyer ("Dyer") is an inmate at the Federal Prison Camp Leavenworth, P.O. Box 1000, Leavenworth, Kansas 66048.

4. Defendants are the United States of America, the FCI Elkton facility, and individuals employed by the Bureau of Prisons (BOP), acting in their official capacities, Including; Warden, Mark Williams; Doctor, J. Dunlop; Doctor, Kathy McNutt; Health Administrator, Debra Glonnone; Physician's Assistant, Donald Cavanaugh; and other Unnamed Individuals.

## III. SATISFACTION OF FEDERAL TORT CLAIM ACT REQUIREMENTS

Under the Federal Tort Claim Act (FTCA) the government may be liable for the negligence or wrongful acts or omissions of its employees while acting within the scope of their employment. Dyer has complied with , and met, his exhaustion requirement. The Federal Tort Claim Act (FTCA)

provides that "... an action shall not be Instituted against the United States unless claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing: 28 U.S.C paragraph 2675(a); McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct.1980, 124 L.Ed. 2d21(1993).

On April 29, 2021 Dyer mailed a Standard Form 95 via certified mail (certified mail piece 7016-1830-0001-9353-9680) (**Exhibit #1**) to begin the process of making a claim for his injuries and seeking a settlement. Dyer included a sworn affidavit with his filing.

On June 14, 2021, Dyer received a letter dated June 8, 2021 acknowledging receipt of the Standard Form 95, beginning the FTCA process, informing Dyer further that, the BOP had six months to review, consider and adjudicate his claim. (**Exhibit #2**).

On November 4, 2021 Dyer received a denial of his claim. (**Exhibit (3)**.

Dyer now brings his negligence, and other possible claims, including omissions, against the United States and its employees. See: United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 1851, 10 L.Ed. 2d 695 (1963).

## IV. BACKGROUND

Dyer was an inmate at the FCI Elkton facility in Lisbon, Ohio, between June 13, 2017 and approximately October 20, 2021.

Dyer is serving a 15-year prison sentence for securities related crimes.

Dyer's anticipated release date Is March 3, 2027, under the Elderly Offender release program, which makes inmates eligible for early release to home confinement, who are at least 60 years old, and have served at least two thirds of their sentence. Dyer Is currently 58 years old.

Dyer was housed in the EB unit while incarcerated at the FCI Elkton facility, a unit which houses approximately 180 individuals.

The EB unit has a single restroom, comprised of approximately 10 sinks, 5 urinals, 5 toilet stalls, and 12 showers.

In March 2020 the BOP went into "lock down" status, due to the high rate of infections of the COVID-19 virus within the BOP.

As part of the prison's ongoing attempts to combat the COVID-19 virus, the housing units and bathroom areas were sprayed each day during lunch (following the March 2020 "lock down") with a chemical purported to be effective in killing the COVID·19 virus.

Specifically, when units were called for lunch, inmates were required to exit the units, and pick up their lunches from an adjacent food hall while an inmate sanitation crew sprayed the floors and walls with the aforementioned chemical, a procedure the BOP referred to as "sanitation."

Sanitation involved between four and five inmates employed by the Safety division of the FCI Elkton facility entering the units with large tanks full of the COVID-19 chemical on their backs, equipped with hoses and wands and spraying the units. Staff normally accompanied the inmate sanitation crews.

Following the application of the chemical, the sanitation crews would erect "slippery when wet" signs prior to inmates returning from lunch, and/or being allowed to re-enter the housing units. On June 23, 2020 while Dyer and others were still in the bathroom, while Dyer was still in a stall, just seconds after being notified of the call for lunch and sanitation, and prior to being permitted to exit the bathroom, the inmate sanitation crew, unsupervised by prison staff, entered the EB unit bathroom and began spraying the tile floors.

This version of the events of June 23, 2020 are supported by Dyer's own sworn affidavit and the sworn declaration of Rafael Cirino. Federal inmate 71025-050. (**Exhibit #4**).

Unaware that the floors had already been sprayed, Dyer exited the bathroom stall, slipped on the chemical, and fell, breaking his ankle and sustaining a knee injury. (**Exhibit #5**).

The FCI Elkton facility, including the EB unit, are equipped with many security cameras. Most, if not all of Dyer's allegations can be confirmed truthful by obtaining and reviewing the security camera video footage.

Consequently, the sanitation crew can be seen entering the EB unit bathroom unsupervised by staff at approximately 12:00 PM on June 23, 2020, and Dyer seen exiling the bathroom limping badly, shortly thereafter and making his way to the EB unit's center hallway staff offices where he informed staff of his injury.

Dyer was then made to walk the approximately 300 yards to the medical facility, unassisted, where his ankle was x-rayed. It was determined by Dr. J. Dunlop, following a review of the x-ray that, Dyer's ankle break would require surgery and pins to draw the bones together, to ensure proper healing. (**Exhibit #6**).

Dyer was fitted with a splint, and returned to the EB housing unit, in a wheel chair, pushed by fellow inmate John Mobasseri.

Dyer removed the splint late that evening because it was cutting off his circulation and informed medical staff via electronic email. (**Exhibit #7**).

Dyer was fitted with a cast several days later and a second cast several weeks later as neither cast was fitted with a "rubber pad" on the bottom, nor was Dyer given a surgical boot resulting in the bottom of the casts sitting directly on the floor, and deteriorating. At no time did Dyer see or speak to an orthopedic surgeon following his fall. (**Exhibit #8**).

On July 14, 2020, just three weeks after Dyer's injury, prior to Dyer seeing or speaking to an orthopedic surgeon, a medical report was generated by Dr. Kathy McNutt entitled "Final Report"

documenting the fact that Dr. McNutt had performed a follow up of Dyer, including a new x-ray, to assess the fracture to Dyer's right ankle. (**Exhibit #9**).

On October 20, 2021. Dyer was transferred from the FCI Elkton facility to the Federal Prison Camp (FPC) at Yankton, SD.

On April 29. 2021 Dyer filed a Standard Form 95 informing the BOP of his claim.

At no time following the filing of his claim was Dyer questioned relative to the events surrounding his fall, the resulting injuries sustained or, the lack of follow-up treatment of his injuries.

No independent examination of Dyer's injuries outside the BOP was ever sought or obtained in relation to the BOP's investigation of Dyer's claim.

On October 20, 2021 Dyer was transferred from FCI Elkton to the Federal Prison Camp (FPC) at Yankton, SD.

On November 4, 2021, as noted previously, Dyer received a letter from Darrin Howard, Regional Counsel for the BOP denying Dyer's FTCA claim stating that Dyer was provided with adequate medical care. The denial also stated that there was no evidence that Dyer experienced a compensable loss due to negligence on the part of any BOP employee. (**Exhibit #10**).

On November 4. 2021 Dyer sent a letter via certified mail (certified mail piece 7021-0350-0000-5494-3586) requesting attorney Howard reconsider the BOP's denial, clarifying that Dyer was not aware of the fact that the inmate sanitation crew was already spraying the bathroom floor when he exited the bathroom stall. Dyer clarified, the BOP staff was negligent in not protecting Dyer from the hazard of slippery floors. (**Exhibit #11**).

Dyer also pointed out that attorney Howard's job was to mitigate loss in instances where there was a valid claim, and that by forcing Dyer to file suit, attorney Howard was potentially increasing the cost of settlement for the BOP and wasting the Court's valuable time.

On January 26, 2022 Dyer received another denial to his claim from attorney Howard dated January 19, 2022. Attorney Howard's denial acknowledged that under 28 C.F.R. paragraph 543.30 attorney Howard had the authority to pay a claim caused by an officer or employee of the U.S. Government acting within the scope of their employment but, that their existed no evidence Dyer experienced a compensable loss as the result of negligence on the part of a BOP employee. (Exhibit #12).

## V. COUNT I. NEGLIGENCE

The essential elements for negligence are (1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty, and (3) an injury proximately caused by the breach of duty. See: Yost v. Wabash Call., 3 N.E. 3d 509, 515 <Ind. 2014)(quoting Pfenning v. Lineman, 947 N.E. 2d 392, 398 (Ind. 2011).

## VI. HEALTH AND MEDICAL CONSEQUENCES OF INJURY

Dyer has long term health and medical issues related to the broken ankle and knee injury he suffered including, but not limited to, stiffness, pain, loss of mobility and strength; and continuous pain in his knee, as a result of the "slip and fall" Incident in the EB unit bathroom at FCI Elkton.

## VII. ARGUMENT

"Every person who engages in the performance of an undertaking has an obligation to use due care or to act so as not to unreasonably endanger the person or property of another." and a negligence claim must allege that some person did not fulfill this duty as part of the typical negligence elements of duty, breach, causation, and damages." Jahnke v. Allen, 308 Mich. App. 472,865 N.W.2d 49, 51 (Mich. App. 2014)(quoting Schenk v. Mercury Marine Div., Lowe Indus., 155 Mich. App. 20, 399 N.W.2d 428 (Mich. App. 1986)).

"Wet floors do present a hazard and the possibility for injury." Bell v. Ward, 88 F. App'x 125,127 (7th Cir. 2004) (citing Snipes v DeTella, 95 F.3d 586, 592 (7th Cir. 1996))

These dangers/hazards were known to the BOP employees, particularly the Safety division employees at FCI Elkton facility whose job It Is to mitigate such risks.

The BOP Safety division employees failure to exercise reasonable care, represented a known, unreasonable risk.

The BOP's employees, acting in their official capacity; breached the duty of reasonable care, causing Dyer to be injured, suffering a compensable loss.

## VIII. REQUEST FOR RELIEF

Dyer is requesting a settlement for his broken ankle and knee injury pain, specifically, Dyer believes he is entitled to reasonable compensation, which means such sum as would reasonably compensate him for bodily injuries and for pain and suffering. Dyer requests additional funds for past present and future expenses for treatment. See: Brumfiel v. United States, 205 U.S. Dist. LEXIS 43974.

Submitted on this 23RD day of June, 2022

Todd A. Dyer Reg. #05409-089
Federal Prison Camp Leavenworth
P.O. Box 1000
Leavenworth, KS 66048

## CERTIFICATE OF SERVICE

Dyer hereby certifies under penalty of perjury that he did, on June 23, 2022 mail via certified mail to the Clerk of Court via First Class U.S. mall and requested the same be sent to all relevant parties via the court's electronic mail system.

cc:

Walton & Brown, LLP
395 East Broad Street Suite 200
Columbus, OH 43215

Todd A. Dyer Reg. #08409-089
Federal Prison Camp Leavenworth
P.O. Box 1000
Leavenworth, KS 66048