PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TODD A. DYER, | ) | |
| | ) | CASE NO. 4:22-CV-1802 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF No. 12] |

Pending before the Court is Defendants' Motion to Dismiss (ECF No. 12), which the Court has converted to a motion for summary judgment (ECF No. 19). In response, Plaintiff filed an affidavit authored by Gerald A. Poynter (ECF No. 15), prompting Defendants to file a reply in support of their Motion. *See* ECF No. 16. Plaintiff subsequently filed an untimely, but more traditional, response to Defendants' Motion to Dismiss (ECF No. 17) and, without seeking leave of Court, a sur-reply (ECF No. 18)[1]. Following the Court's Order converting Defendants' Motion to Dismiss to one for summary judgment (ECF No. 19), Defendants filed a supplemental memorandum in support of their Motion. ECF No. 20.

---

[1] The Court declines to address Plaintiff's unauthorized sur-reply (ECF No. 18), which will be stricken from the record. *See Petrovic v. United States*, No. 17-6186, 2018 WL 4959031, at *3 (6th Cir. June 8, 2018) (affirming the "district court's decision to strike [plaintiff's] surreply because the district court did not abuse its discretion, considering the relevant local rule does not allow surreplies and [the plaintiff] did not seek leave to file one").

(4:22-CV-1802)

Having reviewed the parties' authorized briefs, exhibits, and applicable law, the Court denies Defendants' Motion in part and grants it in part.

## I. Background

*Pro se* Plaintiff Todd A. Dyer brought an action pursuant to the Federal Tort Claims Act (FTCA) naming as Defendants: the United States of America, FCI Elkton, and Bureau of Prisons staff members including Warden Mark Williams, Dr. J. Dunlop, Dr. Kathy McNutt, Debra Glonnone, Donald Cavanaugh, and other unnamed individuals. Plaintiff states that he was incarcerated at FCI Elkton from June 13, 2017 until around October 20, 2021.[2] ECF No. 1 at PageID #: 2–3.

The Complaint pleads a single negligence claim, under the FTCA, based on the events of June 23, 2020. ECF No. 1. According to Plaintiff, he was occupying one of the bathroom stalls in the EB Unit at FCI Elkton on June 23, 2020 when an unsupervised inmate sanitation crew sprayed a chemical solution on the bathroom tile floors. ECF No. 1 at PageID #: 4. After Plaintiff exited the stall, he slipped and fell, unaware that the floor was wet from being recently sprayed with a chemical solution. ECF No. 1 at PageID #: 5. Plaintiff suffered a broken ankle, knee injury, stiffness, loss of mobility and strength, and knee pain as a result of this incident. ECF No. 1 at PageID #: 7.

On April 29, 2021, Plaintiff filed a Standard Form 95 informing the Bureau of Prisons of his FTCA claim regarding the June 23, 2020 incident. ECF No. 1 at PageID #: 6. On November 4, 2021, Plaintiff received a letter from the Bureau of Prisons denying

---

[2] Plaintiff is currently incarcerated at USP Leavenworth. *See* https://www.bop.gov/inmateloc/ (last visited August 30, 2023). His release date is December 20, 2028. *Id.*

(4:22-CV-1802)

his FTCA claim. That same day, Plaintiff sent a letter requesting that the Bureau of Prisons reconsider his FTCA claim. ECF No. 1 at PageID #: 6. On January 19, 2022, the Bureau of Prisons issued its final denial of Plaintiff's claim. Plaintiff proceeded to file a Complaint, which only includes an FTCA claim. See ECF No. 1. The docket reflects a filing date of October 7, 2022. See ECF No. 1. According to Plaintiff, he attempted to file his Complaint multiple times prior to October, but the parties dispute which filing date should be attributed to Plaintiff's Complaint. See ECF No. 12; ECF No. 17.

On April 7, 2023, Defendants filed a Motion to Dismiss (ECF No. 12) along with their answer to Plaintiff's Complaint (ECF No. 13). In response, Plaintiff filed an affidavit authored by Gerald A. Poynter. ECF No. 15. Defendants filed a reply in support of their Motion under the assumption that Mr. Poynter's affidavit was meant to serve as Plaintiff's opposition to their Motion to Dismiss. See ECF No. 16. Plaintiff then filed an untimely, but more traditional, response to Defendants' Motion to Dismiss with multiple supporting exhibits. ECF No. 17.

Given Plaintiff's reliance on exhibits extrinsic to the pleadings, the Court gave notice of its intent to convert Defendants' Motion to Dismiss to one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). See ECF No. 19. In its notice, the Court ordered the parties to file additional relevant materials, if any, for its consideration of the pending Motion. Defendants filed a supplemental memorandum in support of their Motion. ECF No. 20. More than a month later, Plaintiff filed an untimely response to the

(4:22-CV-1802)

Court's Order, reiterating his position and warning the Court of his intent to appeal should the Court see fit to dismiss his Complaint.  *See* ECF No. 21.[3]

## II. Standard of Review

Federal Rule of Civil Procedure 56(a) instructs courts to grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In other words, "after adequate time for discovery and upon motion, [the Court will enter summary judgment] against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Scott v. Harris*, 550 U.S. 372, 380 (2007).  In determining whether a factual issue is "genuine," the Court assesses whether the evidence is such that a reasonable jury could find that the non-moving party is entitled to a verdict.  *Id*.

To survive summary judgment, "the non-moving party must 'do more than simply show that there is some metaphysical doubt as to the material facts.'"  *Baker v. City of Trenton*, 936 F.3d 523, 529 (6th Cir. 2019) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute.  The non-moving party must go beyond the pleadings to designate specific facts found in the record that demonstrate genuine issues for trial, which may include affidavits, declarations, depositions, answers to

---

[3] Given the untimely nature of Plaintiff's response, the Court will not consider Plaintiff's most recent letter (ECF No. 21) in response to the Court's Order for the purpose of ruling on Defendants' Motion (ECF No. 12).

4

(4:22-CV-1802)

interrogatories, or admissions on file. *Celotex Corp.*, 477 U.S. at 324 (citing Fed. R. Civ. P. 56(c)); *see also KSA Enterprises, Inc. v. Branch Banking & Tr. Co.*, 761 F. App'x 456, 464 (6th Cir. 2019). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 613 (6th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). In analyzing a motion for summary judgment, the Court "must view the evidence in the light most favorable to the nonmoving party." *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018) (citing *Latits v. Phillips*, 878 F.3d 541, 547 (6th Cir. 2017)).

### III. Discussion

Defendants' Motion puts forth two main arguments: 1) that Plaintiff's claims are barred by the statute of limitations and 2) that the only proper defendant that can be named in an FTCA action is the United States of America. In opposition, Plaintiff provides an affidavit drafted by Gerald A. Poynter, which claims that on July 18, 2022, Mr. Poynter witnessed Plaintiff providing correctional officers at USP Leavenworth with two large manila envelopes marked "legal mail" that were addressed to the Carl B. Stokes United States Court House located in Cleveland, Ohio. ECF No. 15 at PageID #: 135.[4] Plaintiff also provides multiple emails to showcase his efforts in filing this case and to establish a

---

[4] Gerald A. Poynter's affidavit is dated May 6, 2023 (ECF No. 15 at PageID #: 135), but is reflected on the docket as being filed on May 11, 2023.

5

(4:22-CV-1802)

timeline of events. See ECF No. 17. Defendants argue that Plaintiff's exhibits and explanations are insufficient to demonstrate that Plaintiff filed his Complaint within the statute of limitations or that his claim is entitled to equitable tolling.

### A. Statute of Limitations

The docket reflects that Plaintiff's Complaint was filed on October 7, 2022, more than six months after the final denial of Plaintiff's administrative claim. Taken at face value, it initially appears that Plaintiff's FTCA claim is forever time-barred because the FTCA states

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Nevertheless, the parties' briefs and exhibits tell a different story.

The Bureau of Prisons issued its final denial of Plaintiff's claim on January 19, 2022; thus, Plaintiff had until July 19, 2022 to commence this action to comply with the FTCA's statute of limitations. Plaintiff's Complaint, although docketed in October 2022, is dated June 23, 2022. ECF No. 1 at PageID #: 8. Mr. Poynter's affidavit and Plaintiff's exhibits, however, suggest that Plaintiff mailed a properly formatted complaint on July 18, 2022. ECF No. 15; see also ECF No. 17 at PageID #: 145 (stating that Plaintiff "mailed the updated Complaint . . . from the Federal Prison Camp mailbox at Leavenworth, Kansas"). Taking Plaintiff's account of events as true, Plaintiff's July 18, 2022 mailing would be considered a timely filing within the FTCA's six-month statute of limitations. See Houston v. Lack, 487 U.S. 266, 270 (1988) (finding that a prisoner is considered to

6

(4:22-CV-1802)

have filed a document with the clerk of the court as soon as "he delivers such notice to the prison authorities for forwarding to the clerk of the District Court"). Defendants argue that the Clerk of Court did not represent that Plaintiff's July 18, 2022 filing was lost, but rather she was "unable to locate a case for [Plaintiff]" after an extensive search of their electronic filing system. ECF No. 20 at PageID #: 189; ECF No. 17-6 at PageID #: 161.

Plaintiff's *pro se* status requires the Court to liberally construe his pleadings, holding them to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Plaintiff is not excused from following the rules of the Court when filing his pleadings. See Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991); *see also* Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant.").

A review of Plaintiff's Complaint and the appended exhibits reveals that Plaintiff first attempted to file a Complaint in March 2022. See ECF No. 17-1 at PageID #: 150. This filing was rejected by the Clerk of Court on April 1, 2022 because it was formatted incorrectly. ECF No. 17-2 at PageID #: 152. Even as a *pro se* litigant, Plaintiff must comply with the rules of the Court; therefore, Plaintiff's March 2022 filing cannot be considered his original filing date. See Jourdan, 951 F.2d at 110. Plaintiff alleges that he properly and timely re-filed his complaint on July 18, 2022. See ECF No. 15; ECF No. 17 at PageID #: 145. Although the letter from the Clerk of Court alleges that she did not receive Plaintiff's July 2022 filing, Plaintiff has provided sufficient information to show a

7

(4:22-CV-1802)

genuine dispute of material fact as to his filing date and compliance with the FTCA's statute of limitations. See ECF No. 15; ECF No. 17-6 at PageID #: 161.

28 U.S.C. § 2401(b) "is not a jurisdictional requirement . . . Even though they govern litigation against the Government, a court can toll them on equitable grounds." United States v. Wong, 575 U.S. 402, 412 (2015). The Court can consider a variety of factors when determining whether to equitably toll a statute of limitations, including Plaintiff's diligence in pursuing his rights and absence of prejudice to the Defendants. See Bazzo v. United States, 494 F. App'x 545, 547 (6th Cir. 2012). Plaintiff's briefs and exhibits indicate that he made a good faith effort to comply with the FTCA's statute of limitations when he mailed his complaint on July 18, 2022, despite the Clerk of Court's statement that she never received his documents. ECF No. 17. Although Defendants urge the Court to find that Plaintiff's statements about his initial filing date are inaccurate, Plaintiff has provided sufficient information to show a genuine dispute regarding his compliance with the FTCA statute of limitations, a material fact at issue. Under these circumstances, the Court will toll the statute of limitations, finding that Plaintiff timely filed his FTCA claim. Furthermore, at this juncture, the Court cannot determine with assurance that Plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Therefore, the Court denies summary judgment on his claim.

### B. Proper Defendant

Defendants also contend that the only defendant that should be named in this FTCA action is the United States of America. Under the FTCA, the only proper defendant is the United States of America. 28 U.S.C. § 2679(a); Allgeier v. United States, 909 F.2d 869,

8

(4:22-CV-1802)

871 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee."). Unlike the statute of limitations argument, Plaintiff made no attempt to contest Defendants' argument that only the United States of America should remain as a defendant. Arguments that Plaintiff fails to raise are waived "by virtue of his failure to oppose defendants' motions to dismiss." Humphrey v. U.S. Att'y Gen.'s Off., 279 F. App'x 328, 331 (6th Cir. 2008). Accordingly, the Court grants Defendants' summary judgment as to the dismissal of all defendants with the exception of the United States of America.

### C. Plaintiff's Response to the Court's Order

In his most recent filing (ECF No. 21), Plaintiff used language and made accusations that are concerning. Despite being *pro se*, Plaintiff is obligated to comport himself civilly. See First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 513 (6th Cir. 2002) (finding that district courts have inherent authority to sanction general bad-faith conduct without identifying relevant rule or statutory violations). Plaintiff is also reminded that while, at an appropriate time, he will have an opportunity to appeal, he shall refrain from using inflammatory language and lobbing frivolous accusations. If Plaintiff persists in being disrespectful to the Court, Defendants, and the judicial process—as shown in ECF No. 21, in which he cautioned the Court that "there is nothing [he] can do but appeal" should the Court "assist the Government in a perpetration [sic] of their lies" by dismissing his claims—he will be sanctioned. ECF No. 21 at PageID #: 199. The Court's legal authority allows appropriate sanctions, including dismissal of the case. See First Bank of Marietta, 307 F.3d at 514.

### D. Plaintiff's Motion for Appointment of Counsel

9

(4:22-CV-1802)

Plaintiff also asks that the Court rule on his request for legal representation in this matter. *See* ECF No. 21 at PageID #: 198–99. As Plaintiff recognizes in his most recent filing, the appointment of counsel in a civil proceeding is not a constitutional right and the Court has discretion to appoint counsel for indigent civil litigants such as himself. *See* ECF No. 21 at PageID #: 199; *see Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances." *Id.* at 606. To determine whether exceptional circumstances exist, "courts generally examine the complexity of the factual and legal issues involved and the plaintiff's ability to represent himself." *Id.* (internal quotation marks and citations omitted). Plaintiff presents a singular, non-complex FTCA claim in this matter and has demonstrated his ability to handle his case in a *pro se* capacity thus far. *See Noel v. Guerrero*, 479 F. App'x 666, 669 (6th Cir. 2012) (affirming the district court's denial of a federal prisoner's motion for appointment of counsel because the "case presented non-complex issues and [the plaintiff] demonstrated his ability to handle the case in a *pro se* capacity throughout the proceedings"). Because the circumstances in this case do not warrant appointing counsel for Plaintiff, the Court denies Plaintiff's motion for appointment of counsel.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 12), which has been converted to a Motion for Summary Judgment, is denied in part and granted in part. The Court denies Defendants' Motion as to Plaintiff's FTCA claim because it is not time-barred. The Court hereby dismisses all defendants except for the United States of America. Plaintiff's surreply is stricken. Plaintiff is cautioned to act respectfully or risk

(4:22-CV-1802)

imposition of consequences, including the dismissal of this action or other appropriate sanctions. Plaintiff's motion for appointment of counsel is denied.

An order scheduling a Case Management Conference is forthcoming.

IT IS SO ORDERED.

| August 31, 2023 | /s/ *Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |